UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NEW FASHION PORK, LLP and THE TRAVELERS INDEMNITY COMPANY, as Subrogee of New Fashion Pork, LLP, Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) | 2:08-cv-67-WTL-WGH |
| OMNI BUILDERS, INC., SIGNET BUILDERS, INC., and SIGNET CONSTRUCTION OF TEXAS, INC., Defendants. | ) ) ) ) | |

**ORDER ALLOWING OMNI BUILDERS TO FILE
AN AMENDED THIRD PARTY COMPLAINT**

This matter comes before William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Response in Opposition to Omni Builders Inc.'s Motion for Leave to File a Third Party Complaint (Doc. No. 43), filed August 29, 2008, seeking reconsideration of the Court's order granting Omni Builders leave to file a third party complaint. Omni Builders had filed its Motion for Leave to File a Third Party Complaint on August 15, 2008. (Doc. No. 38.) On August 26, 2008, the Magistrate Judge granted that motion (Doc. No. 40), and the Third Party Complaint against NFP Construction, Inc. ("NFP Construction") and Energy Panel Structures, Inc. ("EPS") was filed on August 27, 2008. The Magistrate Judge acted too quickly because the deadline for filing a timely response to the motion had not yet passed. As it turned out, Plaintiffs objected to the motion. Plaintiffs' Response was timely filed in accordance with Local Rule 7.1(b). Omni Builders did not file a reply, and the time for doing so has

passed. The Magistrate Judge treats the Plaintiffs' Response as a motion to reconsider the order granting leave to file a third party complaint and decides as follows.

Plaintiff New Fashion Pork ("NFP") owns and operates a pig farm and breeding business in Worthington, Indiana (the "Farm"). The Travelers Indemnity Company, NFP's subrogee, provided property insurance coverage to NFP against losses to the Farm. Plaintiffs allege that the Defendants subcontracted with a general contractor to construct and erect a pig breeding barn on the Farm. They also allege that the barn collapsed on April 2, 2006, as a direct result of the Defendants' negligent construction and erection of the barn. Plaintiffs assert claims of negligence, negligence per se, and breach of contract as an alleged third-party beneficiary.

Omni Builders pleads its claims against the third-party defendants "strictly in the alternative and in the event that Omni Builders is found liable" to Plaintiffs. (Third Party Compl. ¶ 13.) The Third Party Complaint asserts the following: Count I for common law indemnification against NFP Construction and EPS, Count II for breach of implied warranty against NFP Construction, Count III for negligent supervision and contract administration against NFP Construction, Count IV for breach of warranty against NFP Construction and EPS, and Count V for negligence against EPS. Omni Builders alleges that "[t]o the extent that [it] is found liable to Plaintiffs for damages they seek, NFP Construction and EPS owe indemnity rights to Omni Builders for any damages

recovered." (*Id.* ¶ 15.)  The Third Party Complaint prays "that if Omni Builders is found liable to Plaintiffs that the Court enter a judgment against the Third Party Defendants for the full amount of damages." (*Id.* at 9.)  No responsive pleading has been filed by either third-party defendant.

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  Because Omni Builders sought to file a third-party complaint more than ten days after serving its original answer, it had to obtain leave of court to file its third-party complaint. *Id.*  A court should allow impleader unless "it will delay or disadvantage the existing action and the third-party claim obviously lacks merit." Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1443 (2d ed. 1990).  *See also Greene Line Mfg. Corp. v. Fibreboard Corp.*, 130 F.R.D. 397, 400 (N.D. Ind. 1990) (indicating that in determining whether to allow impleader the court may consider whether a third-party claim has merit). According to Plaintiffs, the third-party claims against NFP Construction and EPS lack merit and, thus, it was error to allow the Third Party Complaint to be filed.

Plaintiffs claim that Omni Builders seeks to implead the third-party defendants on the basis of indemnification or contribution.  Under Indiana law, there can be no right of contribution among joint tortfeasors.  *Jackson v. Record*, 5 N.E.2d 897, 898-99 (Ind. 1937);  *Mullen v. Cogdell* , 643 N.E.2d 390,

400 n.3 (Ind. Ct. App. 1994). Thus, Omni Builders could not seek contribution if it wanted to and in any event, it only seeks indemnification.

Under Indiana law, a right of indemnification generally arises only by contract, express or implied; absent a contract, there is no such right. *Elcona Homes Corp. v. McMillan Bloedell, Ltd.*, 475 N.E.2d 713, 715 (Ind. App. 1985); *McClish v. Niagra Mach. & Tool Works*, 266 F. Supp. 987, 989 (S.D. Ind. 1967). Omni Builders alleges that it had a written contract with third-party defendant NFP Construction. (Third Party Compl. ¶ 8.) Whether that contract contains an indemnification provision remains to be seen because Omni Builders did not attach a copy of the subcontract to its Third Party Complaint. Nonetheless, given the allegations of a written contract, it is plausible that Omni Builders may have a contractual right to indemnification.[1] Omni Builders should be allowed to file an amended Third Party Complaint asserting a common law indemnification claim. Because the subcontract with NFP Construction is central to such a claim, a copy of the subcontract should be attached to the amended pleading.

However, the Court has some concerns as to whether the other claims asserted in the Third Party Complaint—breach of implied warranty, breach of

---

[1] If the subcontract has no indemnification provision, then any right of indemnification would have to be implied at common law. Such a right "may be implied at common law only in favor of one whose liability to a third person is solely derivative or constructive, and only as against one who has by his wrongful act caused such derivative or constructive liability to be imposed upon the indemnitee." *Indianapolis Power & Light Co. v. Snodgrass*, 578 N.E.2d 669, 671 (Ind. 1991). A party seeking indemnification implied at law must be without fault. *Id.*

warranty, and negligence claims in Counts II through V—have any merit. First, damages is an essential element of a negligence claim, *Martin v. Richey*, 711 N.E.2d 1273, 1284 (Ind. 1999); *Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind. Ct. App. 2005), and of a claim for breach of implied warranty or breach of warranty, *In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litig.*, 155 F. Supp. 2d 1069, 1100 (S.D. Ind. 2001). Further, the statute of limitations for a negligence claim under Indiana law is two years. Ind. Code § 34-11-2-4; *Filip v. Block* , 879 N.E.2d 1076, 1082 (Ind. 2008). Omni Builders does not appear to allege any damages caused by the third-party defendants, and the Third Party Complaint was filed more than two years after the collapse of the barn. Thus, the other claims in the Third Party Complaint appear to lack merit.

      On reconsideration, the Magistrate Judge decides that Omni Builders should be allowed to file an Amended Third Party Complaint against NFP Construction and EPS and is **GRANTED** fifteen (15) days within which to do so. The Amended Third Party Complaint should have a copy of the subcontract between NFP Construction and Omni Builders attached and should address the Court's concerns set forth above—whether that is accomplished by re-pleading or dropping claims already asserted is for Omni Builders to decide.

      **SO ORDERED.**

**Dated:** September 30, 2008

                                                                           WILLIAM G. HUSSMANN, JR.
                                                                           Magistrate Judge

**Electronic copies to:**

John A. Conway
LADUE CURRAN & KUEHN LLC
jconway@lck-law.com

Joseph Michael Dietz
MEILS THOMPSON DIETZ & BERISH
josephdietz@gmail.com

Susan G. Gainey
KIGHTLINGER & GRAY
sgainey@k-glaw.com

Kurt F. Hausler
QUICK & WIDIS, PLLC
khausler@quickwidis.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

John L. Lisher
OSBORN HINER & LISHER, P.C.
jlisher@ohllaw.com

Hunter C. Quick
QUICK & WIDIS, PLLC
hquick@quickwidis.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com