UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NEW FASHION PORK, LLP and ) | | |
| THE TRAVELERS INDEMNITY COMPANY, ) | | |
| as Subrogee of New Fashion Pork, LLP, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | 2:08-cv-67-WTL-WGH |
| ) | | |
| OMNI BUILDERS, INC., and ) | | |
| SIGNET BUILDERS, INC., ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER ON DEFENDANT OMNI BUILDERS, INC.'S
MOTION TO PERMIT INSPECTION OF
NEW FASHION PORK'S HOWESVILLE FACILITY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on defendant Omni Builders, Inc.'s Motion to Permit Inspection of New Fashion Pork's Howesville Facility filed March 11, 2009. (Docket No. 82). Plaintiffs filed their Response on April 10, 2009. (Docket No. 85). Defendant file a Reply on April 24, 2009. (Docket No. 88).

Rule 26(b) of the Federal Rules of Civil Procedure provide for the discovery of any "nonprivileged matter that is relevant to any party's claim or defense . . . ." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This court, however, may limit the frequency or extent of discovery if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(c). In recognition of a party's right to conduct discovery, Rule 32(a) allows a party to request the opportunity to enter upon the opposing party's land in order to inspect the property. FED. R. CIV. P. 32(a)(2).

In this instance, defendant seeks inspection of a gestation barn located at plaintiff New Fashion Pork's commercial hog production facility in Howesville, Indiana. Of particular importance to defendant are the roof trusses and bracing. Defendant seeks inspection of this particular gestation barn because winds from a thunderstorm destroyed the original gestation barn and this new gestation barn was constructed in its place. Plaintiffs have alleged in their Complaint that the original barn collapsed "as a direct result of defendants' careless and negligent construction and erection of the Barn. Among other things, there was a lack of substantive lateral bracing for the trusses, the omission of end wall bracing, and the lack of other bracing to resist linear collapse." (Complaint ¶ 12). Defendant alleges that an inspection is relevant "because it may lead to the discovery of admissible evidence regarding the framing practices used by Omni and Mr. Solis that have been challenged by NFP in this lawsuit." (Motion to Permit Inspection at 3). Plaintiffs argue that inspection of the barn would not lead to relevant information, or, in the alternative, that such inspection would be too burdensome.

The court, having examined the parties' arguments, concludes that the inspection of the gestation barn is reasonably calculated to lead to the discovery

of admissible evidence. Knowing how the new barn was constructed could be helpful to defendant's expert witness in fashioning his testimony about whether or not the barn, as originally constructed, was constructed to industry standards. Additionally, while the construction of the new barn could constitute a "subsequent remedial measure" under Rule 407 of the Federal Rules of Evidence, there are some circumstances where such evidence could be admissible at trial including when the evidence is offered for "proving ownership, control, or feasability of precautionary measures, if controverted, or impeachment." FED.R.EVID. 407.

Because inspection of the barn could lead to admissible evidence, the court must determine if such inspection is too burdensome. Plaintiffs have asserted that a pig processing facility such as this is a highly fragile environment and that the unknowing introduction of a harmful pathogen could devastate the entire pig population. However, defendant has agreed to "comply with NFP's Bio-Security Protocols." (Motion to Permit Inspection at 3). While there is some degree of risk to the safety of the pig population when any outside individual is introduced to the environment, the court concludes that such a risk can be significantly minimalized by compliance with certain bio-security protocols. Defendant must, therefore, comply with the NFP Sow Farm and Grow-Finish Site Bio-Security protocols in order to gain access to the barn for inspection. (*See* Affidavit of Bradley W. Freking at Ex. 1). The court also notes that plaintiffs have alleged that the inspection could cause stress in the pigs. However, the court is convinced from the Affidavit of Larry Rueff that the inspection is no

different than other human activity at such a pig processing facility that occurs on a daily basis. Hence, the court concludes that the inspection will be somewhat burdensome, but such burden is outweighed by the likelihood that the inspection will lead to admissible evidence.

The Magistrate Judge, being duly advised, now **GRANTS** defendant's Motion to Permit Inspection of New Fashion Pork's Howesville Facility. Defendant is **ORDERED** to comply with the NFP Sow Farm and Grow-Finish Site Bio-Security protocols.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** May 4, 2009

                                                                            _____
                                                                            WILLIAM G. HUSSMANN, JR.
                                                                            Magistrate Judge

**Electronic copies to:**

John A. Conway
LADUE CURRAN & KUEHN LLC
jconway@lck-law.com

Kurt F. Hausler
QUICK & WIDIS, PLLC
khausler@quickwidis.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

John L. Lisher
KOPKA, PINKUS, DOLIN & EADS, P.C.
jllisher@kopkalaw.com

Hunter C. Quick
QUICK & WIDIS, PLLC
hquick@quickwidis.com

Joseph Michael Dietz
MEILS THOMPSON DIETZ & BERISH
josephdietz@gmail.com